United States District Court
Northern District of California

1
2
3
4
5                                    **UNITED STATES DISTRICT COURT**
6                                   **NORTHERN DISTRICT OF CALIFORNIA**
7
8    **TYRONE HURT,**                          | **Case No.: C-4:12-4186 KAW**
9              **Plaintiff,**                    **ORDER AND**
10                                              **REPORT AND RECOMMENDATION**
11          **vs.**
12   **UNITED STATES OF AMERICA,**
13            **Defendant.**
14

15        Plaintiff filed this lawsuit pro se.  His complaint states that he brings the lawsuit pursuant to 42

16   U.S.C. § 1983.  Plaintiff has filed a motion to proceed *in forma pauperis*, which shows that he is

17   unable to afford the costs of suit.  *See* 28 U.S.C. §1915(a)(1).  Plaintiff's motion to proceed *in forma*

18   *pauperis* is therefore granted.  However, his complaint fails to state a claim upon which relief can be

19   granted, and therefore should be dismissed with leave to amend.

20        Plaintiff makes the following allegations, in one paragraph each: Jim Crow laws seek to

21   disenfranchise eligible voters in violation of the United States constitution; the execution of Troy

22   Davis on 9/11 was unconstitutional, as is the death penalty; children born to "legitimate pregnancy"

23   have constitutional rights to proper feedings to eliminate childhood obesity, regardless of their race;

24   HIV and AIDS should be eliminated "in the name of human rights"; and "erroneousness" of public

25   school "resegregation" is "in violation of world order."  By way of relief, Plaintiff asks that the United

26   States Constitution, Humanitarian Order, and World Order be complied with, and that he receive one

27   million dollars.

28

United States District Court
Northern District of California

1    Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case if it is frivolous or fails to

2  state a claim on which relief can be granted.  Such a dismissal may be made *sua sponte* and prior to

3  the issuance of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Dismissal is proper not

4  only when claims are based on "indisputably meritless legal theor[ies]," but also when the "factual

5  contentions are clearly baseless."  *See id.* at 327-328.  For example, "claims describing fantastic or

6  delusional scenarios" may be properly dismissed *sua sponte* before service.  *Id.* at 328.  The Court

7  finds that Plaintiff's allegations, as pled in the complaint, are based on indisputably meritless legal

8  arguments and should be dismissed.

9    Pro se pleadings are held to "less stringent standards than formal pleadings drafted by

10  lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the

11  Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any

12  doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).  The Ninth Circuit has

13  "held that a district court should grant leave to amend even if no request to amend the pleading was

14  made, unless it determines that the pleading could not possibly be cured by the allegation of other

15  facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks

16  omitted).  The complaint should therefore be dismissed with leave to amend.

17    Accordingly, it is hereby ORDERED that:

18    1.    Plaintiff's motion to proceed *in forma pauperis* is granted.

19    2.    The Clerk of the Court shall reassign this case to a district judge.

20    It is hereby RECOMMENDED that:

21    1.    Plaintiff's complaint be dismissed with leave to amend to, if possible, allege a

22  cognizable claim.

23  ///

24  ///

25

26

27

28

Within fourteen days after being served with a copy of this report and recommendation, Plaintiff may file written objections to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). Failing to do so may constitute a waiver of those objections. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**DATE:  September 4, 2012**

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
Northern District of California

3